JUDGE DANIELS          13 CV 1838

DUANE MORRIS LLP
Gregory P. Gulia
Vanessa C. Hew
1540 Broadway
New York, New York 10036-4086
(212) 692-1000

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CONOPCO, INC. d/b/a UNILEVER                    :

               Plaintiff,                        :

                         :   COMPLAINT AND

      -against-                         :   JURY DEMAND

INTERNATIONAL IP HOLDINGS, LLC         :

                         :   Case No.:

              Defendant.                      :

-----------------------------------------------------------------X

     Plaintiff Conopco, Inc. d/b/a Unilever, by its undersigned attorneys, Duane Morris LLP,

for its Complaint alleges as follows:

<u>SUBSTANCE OF THE ACTION</u>

     1.     This is an action for trademark infringement, trade dress infringement, unfair

competition and dilution with respect to Plaintiff's federally registered and famous SLIM-

FAST® trademark ("SLIM-FAST® Mark) and the SLIM-FAST® Trade Dress (as hereinafter

defined) and false advertising with respect to Defendant's false and/or misleading claims and

statements regarding certain of its products.

     2.     This action arises out of Defendant's unauthorized past, current and planned use

of the names SLIMFUL in connection with various weight loss and meal replacement products

and false and/or misleading claims and statements concerning certain of its products, which

provides the basis for Plaintiff's claims for federal trademark and trade dress infringement and

unfair competition under Sections 32(l) and 43(a) of the Trademark Act of 1946 (the "Lanham

Act"), 15 U.S.C. §§ 1114(l) and 1125(a), for federal false advertising under Section 43(a) of the

Lanham Act, 15 U.S.C. § 1125(a)(1), for federal trademark and trade dress dilution under

Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(1), and for substantial and related claims

of unfair competition, deceptive trade practices, false advertising, dilution, tarnishment and

injury to business reputation arising under the laws of the State of New York.

       3.     Plaintiff seeks injunctive relief and damages.

JURISDICTION AND VENUE

       4.     This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. §

1121, Sections 1332(a), 1338(a), 1338(b) of the Judicial Code, 28 U.S.C. § 1332(a), § 1338(a)

and § 1338(b), and under principles of supplemental and supplementary jurisdiction. This Court

has personal jurisdiction over Defendant because it sells and markets its products to customers

located in the State of New York. The amount in controversy exceeds the sum of $75,000,

exclusive of interest and costs. Venue properly lies in this District under Sections 1391(b) and

(c) of the Judicial Code, 28 U.S.C. § 1391(b) and § 1391(c) because Defendant does business in

and/or has substantial contacts with and/or may be found in the Southern District of New York,

and a substantial portion of the events at issue has arisen and/or will arise in this judicial district.

PARTIES

       5.     Plaintiff Conopco, Inc. d/b/a Unilever ("Conopco") is a corporation duly

organized and existing under the laws of New York with offices at 700 Sylvan Avenue,

Englewood Cliffs, New Jersey 07632. Conopco is the owner of the SLIM-FAST® Mark, which

2

it uses in connection with meal replacement and weight management products. Plaintiff Conopco is also hereinafter referred to as "Plaintiff."

6.        Upon information and belief, defendant International IP Holdings, LLC ("International IP Holdings") is a limited liability company duly organized and existing under the laws of Michigan with its principal place of business located at 26600 Haggerty Road Farmington Hills, Michigan 48331. Defendant International IP Holdings is hereinafter referred to as "Defendant."

FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.    <u>Plaintiff's Activities</u>

7.        Conopco is a leading manufacturer, distributor and seller of meal replacement and weight management products. Conopco distributes and sells its products throughout the country under its famous SLIM-FAST® Mark.

8.        Plaintiff and its predecessors have sold its line of meal replacement and weight management products under its SLIM-FAST® Mark continuously in interstate commerce throughout the United States since at least as early as 1977. The famous SLIM-FAST® Mark has appeared on product packaging, advertising, promotional materials, displays and the like.

9.        Plaintiff is the owner of the following valid, subsisting and incontestable U.S. trademark registrations for the mark SLIM-FAST®:

| MARK | REGISTRATION NO./ DATE | GOODS AND SERVICES |
|------|------------------------|--------------------|
| SLIM-FAST | 1,102,508 September 19, 1978 | Protein food supplement |
| SLIM-FAST | 1,288,616 August 7, 1984 | Beverage powder meal replacement mix |

| MARK | REGISTRATION NO./ DATE | GOODS AND SERVICES |
|---|---|---|
| SLIM-FAST | 1,358,816 September 10, 1985 | Dietary meal replacement nutritional bars, and instant pudding meal replacement mix |
| SLIM-FAST | 2,936,919 March 29, 2005 | Meal Replacement Bars |

These incontestable registrations serve as conclusive evidence of Plaintiff's exclusive right to use SLIM-FAST® on the goods specified therein.  Copies of the registrations are annexed hereto as Exhibit 1 and incorporated herein by reference.

10.     Plaintiff markets, distributes and sells its SLIM-FAST® brand meal replacement and weight management products bearing the SLIM-FAST® Mark and the SLIM-FAST® Trade Dress (as hereinafter defined) in, among other channels, supermarkets, superstores, drugstores, and through online retailers in Plaintiff's famous and distinctive product packaging.

11.     The SLIM-FAST® Trade Dress is an inherently distinctive product packaging which is comprised of the following original and distinctive elements: (a) distinctive and colorful product packaging that features a predominant red background which fades or washes to yellow/orange-yellow color; (b) the SLIM-FAST® mark printed in a unique font and typeface which is featured at the center of the packaging for the meal replacement bar; and (c) photograph of food items on the right side of the meal replacement bar.  Annexed hereto as Exhibit 2 is a photograph of the SLIM-FAST® Trade Dress.

12.     The famous and inherently distinctive SLIM-FAST® Trade Dress is not functional, and serves to readily distinguish Plaintiff's SLIM-FAST® products and services from those of its competitors.

4

13.    Plaintiff has sold its meal replacement and weight management products bearing the SLIM-FAST® Trade Dress in substantially the same form since long before the acts of Defendant described herein.

14.    Plaintiff's SLIM-FAST® products are currently available and sold to consumers throughout this District, this State, and the United States.  SLIM-FAST® products are also sold in a host of other countries including Canada.

15.    Plaintiff's SLIM-FAST® brand products are sold through numerous mass retail trade channels, such as supermarkets, drug stores, convenience stores and national chain stores including such leading retailers as Walgreens, Wal-Mart, Target, CVS, and Duane Reade, and on internet websites such as www.drugstore.com and www.amazon.com.

16.    Over the years, the volume of sales of goods in the United States sold under the SLIM-FAST® Mark and SLIM-FAST® Trade Dress has been enormous.  SLIM-FAST® is a leading brand of meal replacement, weight loss and weight management products in the United States with billions of dollars in sales in the United States since 1977.

17.    The extraordinary success of Plaintiff's SLIM-FAST® brand products over many years has fostered wide renown with the trade and public and the products sold under the brand have a reputation for being of the highest quality.  As a result of such success, and the long, continuous and exclusive use of the SLIM-FAST® Mark and SLIM-FAST® Trade Dress in connection with the marketing of meal replacement and weight management products, such products have also come to be identified by the trade and public by and with the name and mark SLIM-FAST® and SLIM-FAST® Trade Dress alone.

18.    Plaintiff continuously and extensively advertises and promotes the SLIM-FAST® Mark and SLIM-FAST® Trade Dress and the products sold thereunder.  Since 1977, Plaintiff

and its predecessors have spent well over one billion dollars advertising and promoting the SLIM-FAST® brand in the United States.

19.     Plaintiff operates a website at the domain name address www.slim-fast.com, which serves to advertise and promote its SLIM-FAST® brand products and provide nutritional and dietary information and support to consumers of SLIM-FAST® meal replacement and weight management products.

20.     Plaintiff has advertised and promoted its SLIM-FAST® brand and SLIM-FAST® Trade Dress in a wide variety of national media including nationally circulated newspapers with circulation ranging from 20-45 million readers and magazines such as Glamour, Elle, People, Cooking Light, Better Homes & Gardens, and Fitness.  Plaintiff has also advertised and continues to advertise on the major television broadcast networks and leading cable networks nationwide and has done significant nationwide radio advertising.  Plaintiff's television commercials have featured testimonials from celebrity spokespersons such as Tommy Lasorda, Whoopi Goldberg and Rachel Hunter.  Plaintiff also promotes its SLIM-FAST® brand products through the Internet, billboards, banner ads, store displays, publications, sponsorship events such as concerts and entertainment performances, and tradeshows, marketing fairs and/or tours for the SLIM-FAST® brand.

21.     Because of the extensive advertising, promotion and use of the SLIM-FAST® Mark and SLIM-FAST® Trade Dress, Plaintiff's mark and trade dress have acquired enormous value and have become extremely well known to the consuming public and trade as identifying and distinguishing Plaintiff's high quality SLIM-FAST® products from those of its competitors.

B.   Defendant's Unlawful Activities

22.   Upon information and belief, Defendant manufactures, markets, distributes and sells weight loss and meal replacement products under the name SLIMFUL through a distribution network throughout the United States.  Upon information and belief, Defendant's weight loss and meal replacement products are marketed in packaging bearing the name SLIMFUL.

23.   Defendant's infringing SLIMFUL products are marketed in product packaging ("Infringing Product Packaging") which features simulations, confusingly similar variations, or colorable imitations of the SLIM-FAST® product packaging, and include distinctive and protectable elements of the SLIM-FAST® Trade Dress.  Annexed hereto as Exhibit 3 are photographs of Defendant's infringing SLIMFUL products which are marketed, advertised and sold in the Infringing Product Packaging.

24.   The Infringing Product Packaging mimics and imitates Plaintiff's SLIM-FAST® Trade Dress.  Below is a side-by-side comparison of the SLIM-FAST® Trade Dress and the Infringing Product Packaging.  Here, a picture is worth a thousand words as the side-by-side comparison demonstrates Defendant's blatant and outrageous copying and misappropriation of the SLIM-FAST® Trade Dress.

 

25.     Defendant's weight loss and meal replacement products are sold at leading retailers such as Walgreens.

26.     Defendant also markets, advertises and promotes the infringing SLIMFUL products on Defendant's website located at www.SLIMFUL.com ("Defendant's Website"). Attached hereto as Exhibit 4 are printouts from Defendant's Website showing the packaging of Defendant's weight loss and meal replacement products bearing the name SLIMFUL.

27.     Consumers have been misled by Defendant's unauthorized and infringing use of the name SLIMFUL and the Infringing Product Packaging to believe that Defendant's SLIMFUL brand products are sponsored by, licensed from or otherwise affiliated with Plaintiff and/or Plaintiff's SLIM-FAST® products.

28.     Defendant's unauthorized and infringing use of the name SLIMFUL and the Infringing Product Packaging has caused consumer confusion in the marketplace.

29.     Without Plaintiff's permission or knowledge, Defendant filed an application with the United States Patent and Trademark Office (PTO) to register SLIMFUL under Serial No. 85/676,655 in International Classes 5, 29 and 30 respectively for "nutritional supplements," "processed nut-based food bars; vegetable-based raw food bars; vegetable-based processed food bars; fruit-based raw food bars; fruit-based processed food bars," and "ready to eat, cereal derived food bars." This application is currently pending in the PTO.

30.     Defendant's use of and application to register SLIMFUL in the United States occurred long after Plaintiff and its predecessors began using the SLIM-FAST® Mark, had obtained federal registrations for the SLIM-FAST® Mark, and the SLIM-FAST® Mark had acquired enormous goodwill and become famous.

31.     Upon information and belief, Defendant has not ceased use of the name SLIMFUL or the Infringing Product Packaging.

32.     Defendant adopted, commenced use of and is using and planning to use the name SLIMFUL and the Infringing Product Packaging with the intent and purpose of trading on the extensive goodwill built up by Plaintiff in its SLIM-FAST® Mark and to reap the benefits of years of effort and investment by Plaintiff to create public recognition of its marks.

33.     Defendant's conduct is intentionally fraudulent, malicious, willful and wanton.

34.     Defendant's acts of imitation have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

35.     Defendant's use of the name SLIMFUL and the Infringing Product Packaging has already caused confusion in the marketplace.

36.     Defendant's  advertising in connection with its SLIMFUL products is false and misleading.

37.     Specifically, on the product packaging and in advertising for Defendant's infringing SLIMFUL products, Defendant claims that its SLIMFUL chews "satisfy hunger for hours." Such a statement is overly broad and misleading, as it fails to provide any qualifying information regarding the number of hours the consumer's hunger will be satisfied.

38.     Defendant's product packaging and advertising are further false and misleading in that they state that "diet bars don't typically taste very good.  Slimful chews taste great." Defendant's claim constitutes a taste superiority claim which is, upon information and belief, unsupported by the requisite statistically valid consumer preference data.

39.     Defendant's claims and statements were made on product packaging, Defendant's websites, and/or in advertising and promotional materials and as such, constitute advertising within the meaning of state and federal statutes.

40.     Upon information and belief, consumers have been misled and deceived by Defendant's false and/or misleading claims and statements.

41.     Prior to the filing of this Complaint, Plaintiff's counsel sent a letter to Defendant's registered agent, dated February 15, 2013, advising Defendant of Plaintiff's exclusive rights in the SLIM-FAST® Mark and SLIM-FAST® Trade Dress and demanding that Defendant immediately cease its infringing activities.  Annexed hereto as Exhibit 5 is a copy of the demand letter sent to Defendant on February 15, 2013.

42.     Prior to the filing of this Complaint, Plaintiff's counsel sent a letter to Defendant's counsel, dated February 27, 2013, advising Defendant that the claims on its product packaging and advertising materials were false and misleading.  Annexed hereto as Exhibit 6 is a copy of the demand letter sent to Defendant on February 27, 2013.

43.     Despite being put on actual notice of Plaintiff's exclusive rights, Defendant, to date, has not ceased its illegal activities in willful violation and disregard of Plaintiff's exclusive intellectual property rights.

44.     Despite being put on constructive notice of Plaintiff's rights in its famous and registered SLIM-FAST® Mark, Defendant nonetheless willfully diluted and infringed, and continues to willfully dilute and infringe, Plaintiff's SLIM-FAST® Mark and SLIM-FAST® Trade Dress in violation of Plaintiff's rights.

45.     Upon information and belief, Defendant has adopted, commenced use of and is using and planning to use the infringing name SLIMFUL and the Infringing Product Packaging

for its SLIMFUL products with the intent and purpose of commercially exploiting and trading upon the fame, recognition, reputation and extensive goodwill built up by Plaintiff in the SLIM-FAST® Mark and SLIM-FAST® Trade Dress and to reap the benefits of years of effort and investment by Plaintiffs to create public recognition of the SLIM-FAST® Mark and SLIM-FAST® Trade Dress. Defendant's conduct is intentionally fraudulent, malicious, willful and wanton.

46.     Defendant's acts complained of herein have been committed with knowledge that such acts are intended to cause confusion, or to cause mistake, or to deceive.

47.     Defendant's adoption and use of the infringing term SLIMFUL and the Infringing Product Packaging for its SLIMFUL products in connection with weight management and meal replacement products are likely to cause confusion in the minds of consumers because consumers will mistakenly believe that Defendant's infringing SLIMFUL products are affiliated with Plaintiff's SLIM-FAST® products and/or services.

48.     Defendant's adoption and use of the infringing term SLIMFUL and the Infringing Product Packaging for its SLIMFUL products in connection with weight management and meal replacement products are likely to tarnish the SLIM-FAST® Mark and SLIM-FAST® Trade Dress by creating an association between Defendant's inferior products and Plaintiff and its SLIM-FAST® products. Such an association will undermine and damage the substantial goodwill and reputation associated with Plaintiff and its SLIM-FAST® Mark and SLIM-FAST® Trade Dress, which Plaintiff has spent many years and many millions of dollars to develop, and will dilute the distinctiveness of the SLIM-FAST® Mark and SLIM-FAST® Trade Dress.

49.   Unless Defendant's illegal activities are enjoined by this Court, Defendant's unlawful activities will cause and/or are likely to cause consumers to suffer harm and/or injury as a result of use of Defendant's infringing SLIMFUL products, which are of inferior quality.

50.   If Defendant is permitted to continue marketing, selling and distributing the infringing SLIMFUL products, Plaintiff is likely to lose future business from consumers who mistakenly purchased and used Defendant's infringing SLIMFUL products, which are of inferior quality.

FIRST CLAIM FOR RELIEF
FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

51.   Plaintiff realleges paragraphs 1 through 50 above and incorporates them by reference as if fully set forth herein.

52.   Defendant's use of SLIMFUL in connection with its weight loss and meal replacement products infringes on Plaintiff's exclusive rights in its federally-registered marks, is likely to cause confusion, mistake, or deception, and constitutes trademark infringement, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

53.   Upon information and belief, Defendant has used the name SLIMFUL in connection with its weight loss and meal replacement products with full knowledge of the long and extensive prior use of the SLIM-FAST® Mark by Plaintiff.

54.   Defendant's conduct is causing immediate and irreparable injury to Plaintiff, and to its goodwill and reputation, and will continue both to damage Plaintiff and to confuse the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

SECOND CLAIM FOR RELIEF
FEDERAL UNFAIR COMPETITION
(15 U.S.C. §1125(a)(1))

55.     Plaintiff realleges paragraphs 1 through 54 above and incorporates them by reference as if fully set forth herein.

56.     Defendant's use of the name SLIMFUL and the Infringing Product Packaging in connection with its weight loss and meal replacement products is likely to cause confusion, mistake, or deception, and constitutes a false designation of origin, a false description and representation of Defendant's goods and a false representation that Defendant's goods are sponsored, endorsed, licensed, authorized and/or affiliated or connected with Plaintiff in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1).

57.     Upon information and belief, Defendant used the name SLIMFUL and the Infringing Product Packaging in connection with its weight loss and meal replacement products with full knowledge of the long and extensive prior use of the SLIM-FAST® Mark and SLIM-FAST® Trade Dress by Plaintiff.

58.     Defendant's acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59.     Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

THIRD CLAIM FOR RELIEF
FEDERAL TRADE DRESS INFRINGEMENT (15 U.S.C. §1125(a)(1))

60.     Plaintiff realleges paragraphs 1 through 59 above and incorporates them by reference as if fully set forth herein.

61.     Plaintiff's  SLIM-FAST® Trade Dress is non-functional and inherently distinctive.

62.     Among the consuming public, Plaintiff's SLIM-FAST® Trade Dress has acquired distinctiveness as an exclusive indicator of source for Plaintiff and its SLIM-FAST® brand products.

63.     Defendant's use of a copy, variation, simulation or colorable imitation of the SLIM-FAST® Trade Dress in connection with Defendant's weight loss and meal replacement products and/or other products infringes Plaintiff's exclusive rights in the SLIM-FAST® Trade Dress, is likely to cause confusion, mistake, or deception, and constitutes trade dress infringement, in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1).

64.     Defendant's selection, incorporation and use of protected elements of the SLIM-FAST® Trade Dress, and/or copies, variations, simulations or colorable imitations thereof, on the product packaging and labels of Defendants' infringing SLIMFUL products was made with full knowledge of Plaintiff's longstanding and extensive prior use of the SLIM-FAST® Trade Dress.

65.     Defendant's conduct is causing immediate and irreparable injury to Plaintiff, and to its goodwill and reputation, and will continue both to damage Plaintiff and to confuse the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## FEDERAL FALSE ADVERTISING
### (15 U.S.C. §1125(a)(1))

66.     Plaintiff realleges paragraphs 1 through 65 above and incorporates them by reference as if fully set forth herein.

67.     Defendant's false and/or misleading claims and statements are likely to deceive the relevant purchasing public and/or cause confusion or mistake.

68.     Defendant's acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

14

69.     Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff, and will continue both to damage Plaintiff and to deceive and confuse the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

FIFTH CLAIM FOR RELIEF
FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c)(1))

70.     Plaintiff realleges paragraphs 1 through 69 above and incorporates them by reference as if fully set forth herein.

71.     By reason of Plaintiff's continuous and extensive sale, use and advertising of its products bearing the SLIM-FAST® Mark, the SLIM-FAST® Mark has become famous and highly distinctive of Plaintiff and is uniquely associated with Plaintiff.

72.     Defendant's above-described actions occurred after Plaintiff's SLIM-FAST® Mark acquired fame, and will, unless restrained, likely dilute the distinctive quality of Plaintiff's famous SLIM-FAST® Mark by destroying the exclusive association between Plaintiff's marks and its goods and services, and/or otherwise lessening the capacity of the SLIM-FAST® Mark to identify Plaintiff and its goods exclusively and/or tarnishing Plaintiff's valuable SLIM-FAST® Mark by undermining and damaging the goodwill and reputation associated with the SLIM-FAST® Mark.

73.     Defendant's aforesaid actions are in violation of § 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1), and has already caused Plaintiff irreparable damage and will, unless restrained, continue to so damage Plaintiff, which has no adequate remedy at law.

SIXTH CLAIM FOR RELIEF
FEDERAL TRADE DRESS DILUTION (15 U.S.C. §1125(c)(1))

74.     Plaintiff realleges paragraphs 1 through 71 above and incorporates them by reference as if fully set forth herein.

75.     By reason of Plaintiff's continuous and extensive use and advertising of the SLIM-FAST® Trade Dress and the products sold in connection therewith, the SLIM-FAST® Trade Dress has become famous and highly distinctive of, and uniquely associated with, Plaintiff and its SLIM-FAST® brand products.

76.     The SLIM-FAST® Trade Dress is non-functional and inherently distinctive.

77.     Defendant's above-described actions, which occurred after the SLIM-FAST® Trade Dress acquired fame, have diluted and will, unless restrained, continue to dilute and are likely to dilute the distinctive quality of the famous SLIM-FAST® Trade Dress by destroying the exclusive association between such trade dress and Plaintiff's goods, and/or otherwise lessening the capacity of the SLIM-FAST® Trade Dress to identify Plaintiff and its SLIM-FAST® brand goods exclusively.

78.     Defendant's above-described actions, which occurred after the SLIM-FAST® Trade Dress acquired fame, have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish, the valuable SLIM-FAST® Trade Dress by undermining and damaging the valuable goodwill and reputation associated therewith.

79.     Defendant's aforesaid actions are intentional and in violation of Section 43(c)(1) of the Trademark Act, 15 U.S.C. § 1125(c)(1), and have already caused Plaintiff irreparable damage and will, unless restrained, continue to so damage Plaintiff, all of which have no adequate remedy at law.

SEVENTH CLAIM FOR RELIEF
COMMON LAW UNFAIR COMPETITION

80.     Plaintiff realleges paragraphs 1 through 77 above and incorporates them by reference as if fully set forth herein.

16

81.    Upon information and belief, Defendant was aware of Plaintiff's prior use of Plaintiff's registered SLIM-FAST® Mark, and adopted and used the name SLIMFUL and Infringing Product Packaging in disregard of Plaintiff's prior use and rights in Plaintiff's SLIM-FAST® Mark and the SLIM-FAST® Trade Dress.

82.    Upon information and belief, Defendant's use of the name SLIMFUL and the Infringing Product Packaging has resulted in the misappropriation of and trading upon Plaintiff's good will and business reputation at Plaintiff's expense and without any expense to Defendant. The effect of Defendant's misappropriation of the goodwill symbolized by Plaintiff's SLIM-FAST® Mark and SLIM-FAST® Trade Dress is to unjustly enrich Defendant, damage Plaintiff and confuse and/or deceive the public.

83.    Defendant's conduct constitutes unfair competition with Plaintiff, all of which has caused and will continue to cause irreparable injury to Plaintiff's good will and reputation unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## EIGHTH CLAIM FOR RELIEF
## DILUTION AND INJURY TO BUSINESS REPUTATION
### (N.Y. General Business law §360-l)

84.    Plaintiff realleges paragraphs 1 through 83 above and incorporates them by reference as if fully set forth herein.

85.    Defendant's unauthorized use of the name SLIMFUL and the Infringing Product Packaging in connection with its weight loss and meal replacement products will cause the dilution of the distinctive quality of Plaintiff's SLIM-FAST® Mark and SLIM-FAST® Trade Dress, resulting in injury to Plaintiff's business reputation.

86.     Defendant's use of the name SLIMFUL and the Infringing Product Packaging in connection with goods not controlled or otherwise subject to Plaintiff's control is causing and will continue to cause dilution and/or injury to the reputation of Plaintiff and Plaintiff's goods.

87.     Upon information and belief, Defendant does not own a U.S. trademark registration for SLIMFUL.

88.     By reason of the foregoing, Plaintiff is entitled to injunctive relief under New York General Business Law §360-1.

89.     Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law.

### NINTH CLAIM FOR RELIEF
### DECEPTIVE TRADE PRACTICES (N.Y. General Business Law § 349)

90.     Plaintiff realleges paragraphs 1 through 89 above and incorporates them by reference as if fully set forth herein.

91.     By reason of the acts and practices set forth above, Defendant has and is engaged in deceptive trade practices or acts in the conduct of a business, trade or commerce, or furnishing of goods and/or services, in violation of § 349 of the New York General Business Law.

92.     The public is likely to be damaged as a result of the deceptive trade practices or acts engaged in by Defendant.

93.     Unless enjoined by the Court, Defendant will continue said deceptive trade practices or acts, thereby deceiving the public and causing immediate and irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law.

18

TENTH CLAIM FOR RELIEF
FALSE ADVERTISING (N.Y. General Business Law § 350)

94.    Plaintiff realleges paragraphs 1 through 93 above and incorporates them by reference as if fully set forth herein.

95.    By reason of the acts and practices set forth above, Defendant has made and continues to make false and/or misleading claims and/or statements in the conduct of a business, trade or commerce, or furnishing of goods and/or services, in violation of § 350 of the New York General Business Law.

96.    The public is likely to be damaged as a result of the false and/or misleading claims and statements made by Defendant.

97.    Unless enjoined by the Court, Defendant will continue making said false and/or misleading claims and statements, thereby deceiving the public and causing immediate and irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment as follows:

1.    Permanently enjoining Defendant , its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant from:

> (a)   using or authorizing any third party to use as a trademark, service mark, domain name, business name, trade name or symbol of origin, the name SLIMFUL, the Infringing Product Packaging, and/or any other counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's SLIM-FAST® Mark or the SLIM-FAST® Trade Dress, in any manner or form, on or in connection with any business, products or services, or in the marketing, advertising and promotion of same;

19

(b)     imitating, copying or making any unauthorized use of Plaintiff's SLIM-

FAST® Mark and/or SLIM-FAST® Trade Dress, or any counterfeit,

copy, simulation, variation or imitation thereof;

(c)     making or displaying any statement or representation that is likely to lead

the public or the trade to believe that Defendant's goods are in any manner

associated or affiliated with or approved, endorsed, licensed, sponsored,

authorized or franchised by or are otherwise connected with Plaintiff;

(d)     making false and/or misleading claims and/or statements;

(e)     using or authorizing any third party to use in connection with the

rendering, offering, advertising, or promotion of any goods, any false

description, false representation, or false designation of origin, or any

marks, names, words, symbols, devices or trade dress which falsely

associate such goods or services with Plaintiff or tend to do so;

(f)     diluting the distinctive quality of Plaintiff's SLIM-FAST® Mark and/or

SLIM-FAST® Trade Dress;

(g)     registering or applying to register as a trademark, service mark, domain

name, trade name or other source identifier or symbol of origin, the name

SLIMFUL or any other mark, trade dress or name that infringes on or is

likely to be confused with Plaintiff's SLIM-FAST® Mark and/or SLIM-

FAST® Trade Dress;

(h)     engaging in any other activity constituting unfair competition with

Plaintiff, or constituting an infringement of Plaintiff's SLIM-FAST®

Mark and/or SLIM-FAST® Trade Dress, or of Plaintiff's rights therein; and

    (i)    aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (h).

2.    Requiring Defendant to formally abandon with prejudice U.S. trademark application Serial No. 85/676,655 and any other application to register SLIMFUL or any other trademark, service mark, or trade dress consisting of, containing, or confusingly similar to Plaintiff's SLIM-FAST® Mark and/or SLIM-FAST® Trade Dress, either alone or in combination with other words and/or designs.

3.    Requiring Defendant to direct all distributors, retail establishments or wholesale establishments to cease the distribution or sale of any and all goods sold in connection with or bearing SLIMFUL.

4.    Requiring Defendant to direct all distributors, retail establishments or wholesale establishments to cease the distribution or sale of any and all SLIMFUL products which contain false or misleading claims or statements.

5.    Directing that Defendant deliver for destruction all products and goods, advertisements for such, and other materials in its possession, or under its control, incorporating or bearing the name SLIMFUL or any other simulations, variations or colorable imitations of Plaintiff's SLIM-FAST® Mark and/or SLIM-FAST® Trade Dress, used alone or in combination with other words and/or designs.

6.    Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any product or service manufactured, sold, distributed, licensed or otherwise offered, circulated or promoted by Defendant is

authorized, sponsored by, or otherwise affiliated with Plaintiff or related in any way to Plaintiff's products.

7.      Directing that Defendant file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

8.      Awarding Plaintiff such damages as it has sustained or will sustain by reason of Defendant's trademark infringement, unfair competition, dilution and injury to business reputation and deceptive trade practices.

9.      Awarding Plaintiff all gains, profits, property and advantages derived by Defendant from such conduct, and pursuant to 15 U.S.C. § 1107, awarding Plaintiff three times the amount of the actual damages sustained as a result of Defendant's violations of the Lanham Act.

10.      Awarding Plaintiff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

11.      Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees.

12.      Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated:  New York, New York
        March 19, 2013

Respectfully submitted,

DUANE MORRIS LLP

By: _____

Gregory P. Gulia
Vanessa C. Hew
1540 Broadway
New York, New York 10036-4086
Telephone: (212) 692-1000
Fax: (212) 692-1020

Attorneys for Plaintiff
Conopco, Inc. d/b/a Unilever