# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

INTERNATIONAL IP HOLDINGS, LLC,

    *Plaintiff,*

v.

CONOPCO, INC. d/b/a SLIM-FAST
FOODS COMPANY,

    *Defendant.*

Case No. _____

# COMPLAINT FOR DECLARATORY JUDGMENT AND DEMAND FOR JURY TRIAL



Plaintiff, International IP Holdings, LLC ("IIH"), by their attorneys, Brooks Kushman P.C., files this Complaint for Declaratory Judgment against Defendant Conopco, Inc. d/b/a Slim-Fast Foods Company ("Conopco"), and alleges as follows:

### I. NATURE OF ACTION

1. IIH seeks a declaration pursuant to 28 U.S.C. §§ 2201, *et seq.*, adjudging that its use of SLIMFUL and its SLIMFUL product packaging does not infringe any right of Conopco and does not constitute false designation of origin.

### II. THE PARTIES

2. Plaintiff IIH is a Michigan limited liability company, having a business location at 26600 Haggerty Road, Farmington Hills, Michigan 48331.

3. On information and belief, Defendant Conopco is a corporation organized under the laws of New York, having a principal place of business at 700 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

### III. JURISDICTION

4. This Court has subject matter jurisdiction over this action pursuant to:
    a. 28 U.S.C. § 1331, relating to "federal question" jurisdiction;
    b. 28 U.S.C. §1338(a), conferring jurisdiction over actions arising under federal trademark laws;



    c. Section 29 of the Lanham Act, 15 U.S.C. §1121, conferring jurisdiction over all actions arising under the Lanham Act without regard to the amount in controversy;

    d. Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1)(a), relating to the counterfeit, reproduction, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution or advertising of goods;

    e. Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), relating to the use of false designations of origin and/or sponsorship tending to falsely describe or designate the source and/or sponsorship of goods affecting commerce, and relating to trade dress infringement; and

    f. 28 U.S.C. §§2201 and 2202, conferring jurisdiction over actions involving declaratory judgment.

5. On information and belief, this Court has general and specific personal jurisdiction over Conopco because it conducts business in the State of Michigan and within this district, including the advertising and sale of the products at issue to Michigan residents through retailers and the Internet. Defendant Conopco has also threatened litigation against IIH, a Michigan resident.

6. Venue is proper in this judicial district under 28 U.S.C. §1391.

7. An actual case of controversy has arisen between the parties. Defendant Conopco has threatened litigation against IIH, specifically asserting that IIH's use of SLIMFUL and the SLIMFUL product packaging in connection with the manufacture, advertising and sale of food bars, constitutes trademark infringement, trade dress infringement and is likely to mislead consumers to believe that the SLIMFUL products are affiliated with or endorsed by Conopco and

Case 1:13-cv-10838-GBD Document 1 Filed 03/13/20 Page 4 of 30

2



its SLIM·FAST! meal-replacement products (*i.e.*, false designation of origin).  These statements threaten injury to IIH.

### IV.  FACTS COMMON TO ALL COUNTS

8.  Since December 2012, IIH has marketed and sold a variety of food bars to be used to curb the feeling of hunger.

9.  IIH has filed three trademark applications in the United States Patent and Trademark Office ("USPTO") for the mark SLIMFUL.  Application Serial No. 85/676,655 requests registration for use in connection with "nutritional supplements" (International Class 5).  Application Serial No. 85/978,795 requests registration for use in connection with "processed nut-based food bars; vegetable-based raw food bars; vegetable-based processed food bars; fruit-based raw food bars; fruit-based processed food bars" (International Class 29).  Application Serial No. 85/978,796 requests registration for use in connection with "ready to eat, cereal derived food bars" (International Class 30).  IIH's applications are pending.[1]

10.  Defendant Conopco manufactures, advertises and sells a variety of meal-replacement products which it markets under the name SLIM·FAST!.  Defendant Conopco owns Federal Trademark Registrations in International Class 5 for SLIM-FAST for use in connection with:  (1) "protein food supplements," (U.S. Reg. No. 1,102,508) (2) "beverage powder meal replacement mix," (U.S. Reg. No. 1,288,616) and (3) "dietary meal replacement nutritional bars, and instant pudding meal replacement mix" (U.S. Reg. No. 1,358,816).

---

[1] IIH initially filed one application on July 13, 2012 for all three International Classes and it was assigned Serial No. 85/676,655.  However, on March 7, 2013, the USPTO granted IIH's request to divide the application into three as set forth above.

3



11. On information and belief, Conopco does not own a trademark registration for the term SLIMFUL, it has never used the term as a trademark to identify the source of any product, and the term SLIMFUL does not appear anywhere on Conopco's products.

12. In letters dated February 15, 2013 and February 27, 2013, Conopco asserted that its trademark rights in SLIM-FAST and its trade dress rights in the packaging of its SLIM·FAST! products, specifically Conopco's SLIM·FAST! meal-replacement bars, are violated by IIH's use of SLIMFUL and the SLIMFUL product packaging. Per Conopco, the trade dress similarities included IIH's use of a red and yellow gradient background, the typeface of the SLIMFUL mark, and the positioning and placement of food-based artwork on the SLIMFUL product packaging. Conopco stated that consumers are likely to be misled into mistakenly believing that the SLIMFUL food bars are related to or are an extension of the SLIM·FAST! branded products.

13. Conopco further asserted that the additional statements which appear on SLIMFUL packaging and in advertising constitute false advertising.

14. IIH has denied and does deny each of Conopco's claims.

15. Further, IIH informed Conopco that, prior to receiving its letters, IIH had revised its product packaging such that the coloring is primarily yellow, thus further distinguishing it from the SLIM·FAST! packaging which is primarily red. There are also no similarities in the typeface or font used by IIH for the SLIMFUL trademark or the artwork used to indicate the flavor of each food bar; SLIMFUL food bar packaging includes depictions of a glass of water and either fruit, brownies or honey, whereas SLIM·FAST! meal-replacement bar packaging includes a picture of the bars themselves.



16. Nevertheless, Conopco persists in asserting claims that the SLIMFUL trademark and product packaging are infringing and misleadingly suggest an affiliation.

## V. COUNT I

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT (TRADEMARK)

17. IIH repeats and realleges each and every allegation contained within paragraphs 1-16 of this Complaint as though fully set forth herein.

18. There are distinct differences in the SLIMFUL and SLIM-FAST trademarks and between the SLIMFUL and SLIM·FAST! labels, product packaging and marketing. The Defendant does not use the name SLIMFUL on any of its products. Therefore, IIH's use of SLIMFUL in connection with its products has not caused, and is not likely to cause, confusion, mistake or a deception as to the source or sponsorship of IIH's SLIMFUL products, nor has IIH's use of SLIMFUL otherwise violated Conopco's alleged rights pursuant to Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), or any other applicable state laws.

19. Conopco has not been injured and will not be injured by IIH's use of SLIMFUL, and it is not entitled to enjoin or prevent IIH from using SLIMFUL in connection with the promotion or sale of its products.

20. However, because of Conopco's continued insistence to the contrary and its threat of litigation, an actual, present and judiciable controversy has arisen between IIH and the Defendant concerning IIH's right manufacture, advertise and sell products bearing the SLIMFUL mark.

21. IIH seeks a declaratory judgment from this Court that its use of the SLIMFUL trademark is not likely to create confusion, mistake or a deception in the marketplace as to the

5



origin, source, sponsorship or affiliation of IIH's products and that IIH has not otherwise violated Section 32 of the Lanham Act, 15 U.S.C. §1114(1)(a), or any applicable state laws.

## VI.   COUNT II

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT (TRADE DRESS) AND REGARDING FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP

22. IIH repeats and realleges each and every allegation contained within paragraphs 1-21 of this Complaint as though fully set forth herein.

23. There are distinct differences in the SLIMFUL and SLIM·FAST! labels and product packaging which renders it unlikely that consumers would be confused, misled or deceived as to the origin, source, sponsorship or affiliation of IIH's products.

24. Given the distinct differences, and the fact that IIH does not state or imply any connection to Conopco or its SLIM-FAST products, it is also unlikely that consumers would believe that IIH's products have been authorized, sponsored, approved, endorsed or licensed by Conopco or that IIH is in some way affiliated with Conopco.

25. IIH has not otherwise violated Conopco's alleged rights pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), or any applicable state laws.

26. Therefore, Conopco has not been injured and will not be injured by IIH's use of the SLIMFUL mark or the SLIMFUL labels and product packaging, and it is not entitled to enjoin or prevent IIH from using the SLIMFUL trademark or product packaging in connection with the promotion or sale of its products.

27. However, because of Conopco's continued insistence to the contrary and its threat of litigation, an actual, present and judiciable controversy has arisen between IIH and the

Case 3:11-cv-01883-JBS-JBH Document 1 Filed 03/18/13 Page 8 of 10 PageID 70

6



Defendant concerning IIH's right manufacture, advertise and sell products bearing the SLIMFUL trademark and product packaging.

28. IIH seeks a declaratory judgment from this Court that (a) its use of the SLIMFUL trademark and product packaging is not likely to create confusion, mistake or a deception in the marketplace as to the origin, source, sponsorship or affiliation of IIH's products, (b) consumers are not likely to believe that IIH's products have been authorized, sponsored, approved, endorsed or licensed by Conopco or that IIH's SLIMFUL products are in any way affiliated with Conopco or its SLIM·FAST! products, and (c) IIH has not otherwise violated Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), or any applicable state laws.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff IIH prays that this Court enter a judgment against Defendant and in favor of Plaintiff on its claims as follows:

A. for a declaration that Defendant Conopco's trademark rights are not infringed by Plaintiff's use of the SLIMFUL trademark, alone or in combination with other terms and/or designs, on or in connection with IIH's food bar products;

B. for a declaration that Defendant Conopco's trade dress rights are not infringed by Plaintiff IIH's product packaging for its SLIMFUL products;

C. for a declaration that Plaintiff IIH's use of the SLIMFUL trademark and product packaging, alone or in combination with other terms and/or designs, on and in connection with IIH products, do not constitute a false designation of origin;

D. for recovery of damages adequate to compensate IIH for Conopco's allegations of trademark and trade dress infringement, false designation of origin and threat of litigation;

7



E. for an assessment against Defendant Conopco of IIH's costs, attorneys' fees and expenses;

F. for a declaration permanently enjoining Defendant Conopco from asserting claims against IIH, filing action against IIH, maintaining actions against IIH, or making any threats against IIH for trademark and trade dress infringement, or false designation of origin, or interfering in any way with IIH's use of the SLIMFUL trademark and product packaging; and

G. for such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff IIH hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

Dated: March 18, 2013

/s/ Mark A. Cantor
MARK A. CANTOR (P32661)
THOMAS W. CUNNINGHAM (P57899)
MARC LORELLI (P63156)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Telephone: (248) 358-4400
Facsimile: (248) 358-3351
Email: mcantor@brookskushman.com
tcunningham@brookskushman.com
mlorelli@brookskushman.com

*Attorneys for Plaintiff*

