UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONOPCO, INC. d/b/a UNILEVER

    *Plaintiff,*

v.

INTERNATIONAL IP HOLDINGS, LLC,

    *Defendant.*

No. 13 CV 1838 (GBD)

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS, OR IN THE ALTERNATIVE TO TRANSFER
VENUE TO THE EASTERN DISTRICT OF MICHIGAN**

MILLER & WRUBEL P.C.
570 Lexington Avenue
New York, New York 10022
(212) 336-3500

*Attorneys for Defendant*

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND ......................................................................................... 2

    A. The Michigan Action And This Action Involve The Same Parties And Raise Identical Issues ........................................................................................... 2

    B. The Factual History Between The Parties ............................................................ 3

    C. The Current Dispute .............................................................................................. 5

    D. The Issues In The Michigan Action Are Identical To The Issues In This Action .................................................................................................................... 5

III. ARGUMENT ................................................................................................................... 8

    A. This Court Should Dismiss This Action Under The First-To-File Rule ................ 8

        1. The First-To-File Rule Requires That The Southern District Of New York Dismiss This Action In Favor Of The First-Filed Michigan Action ....................................................................................... 8

            a. There Are No Special Circumstances That Justify Deviating From The First-To-File Rule .......................................... 9

            b. The Balance Of Convenience Clearly Favors The Michigan Action ................................................................................................ 11

        2. This Action Should Be Dismissed In Favor Of The Michigan Action ................................................................................................... 13

    B. In The Alternative, This Court Should Stay This Case Pending The Eastern District Of Michigan's Determination As To Which Court Should Resolve This Dispute ......................................................................................... 13

IV. CONCLUSION .............................................................................................................. 15

# TABLE OF AUTHORITIES

## Cases

*800-Flowers, Inc. v. Intercontinental Florist, Inc.,*
 860 F. Supp. 128 (S.D.N.Y. 1994) ................................................................ 8, 9, 10, 12

*Adama v. Jacobs*,
 950 F.2d 89 (2d Cir. 1991) ............................................................................................ 2

*Citigroup Inc. v. Cith Holding Co.*,
 97 F. Supp. 2d 549 (S.D.N.Y. 2000)) ......................................................................... 15

*Daimler-Chrysler Corp. v. Gen. Motors Corp.*,
 133 F.Supp. 2d 1041 (N.D. Ohio 2001) ..................................................................... 14

*Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.,*
 522 F.3d 271 (2d Cir. 2008) ........................................................................ 8, 9, 10, 11

*Enjoy the City N., Inc. v. Stranger*,
 WL 4107195 (N.D.N.Y. Aug. 28, 2008) ...................................................................... 7

*Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C.,*
 178 F. Supp. 2d 459 (S.D.N.Y. 2002) ........................................................................ 11

*Federal Express Corp. v. Fed. Expresso Inc.,*
 201 F.3d 168 (2nd Cir. 2000) ....................................................................................... 6

*Gucci America, Inc. v. Duty Free Apparel, Ltd.,*
 277 F. Supp. 2d 269 (S.D.N.Y. 2003) .......................................................................... 7

*In re Packaged Ice Antitrust Litig.*,
 779 F. Supp. 2d 642 (E.D. Mich. 2011) ....................................................................... 7

*Invivo Research, Inc. v. Magnetic Resonance Equip. Corp.*,
 119 F.Supp.2d 433 (S.D.N.Y. 2000) .......................................................................... 12

*J. Lyons & Company v. Republic of Tea, Inc., Conopco, Inc. and Interport National Corp.*,
 892 F.Supp 486 (S.D. N.Y. 1995) ..................................................................... 7, 8, 10

*Mastercard Int'l Inc. v. First Nat'l Bank of Omaha, Inc.,*
 2002 WL 31521091 (S.D.N.Y. Nov. 13, 2002) .......................................................... 11

*Merck & Co. v. Mediplan Health Consulting Inc*,
  425 F. Supp. 2d 402 (S.D.N.Y. 2006) ................................................................................ 6

*MSK Ins., Ltd. v. Emp'rs Reinsurance Corp.*,
  212 F. Supp. 2d 266 (S.D.N.Y. 2002) ......................................................................... 14, 15

*New York v. Exxon Corp.*,
  932 F.2d 1020 (2d Cir.1991) ............................................................................................. 8

*Ontel Prods., Inc. v. Project Strategies Corp.*,
  889 F. Supp. 1144 (S.D.N.Y. 1995) ................................................................................ 15

*Reliance Ins. Co. v. Six Star, Inc.*,
  155 F. Supp. 2d 49 (S.D.N.Y. 2001) ............................................................................... 10

*Schnabel v. Ramsey Quantitative Sys., Inc.*,
  322 F. Supp. 2d 505 (S.D.N.Y. 2004) ............................................................................. 14

*Securitron Magnalock Corp. v. Schnabolk*,
  65 F.3d 256 (2d Cir.1995) ................................................................................................. 7

*Toy Biz, Inc. v. Centuri Corp.*,
  990 F. Supp. 328 (S.D.N.Y. 1998) ............................................................................. 10-11

*Varsity Spirit Fashions & Supplies, Inc. v. I.I.P., Inc.*
  2003 WL 22772638, *1 (S.D.N.Y. 2003) ....................................................................... 13

*Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.*,
  16 F. App'x 433 (6th Cir. 2001) ..................................................................................... 14

## Statutes

15 U.S.C. § 1114(1) ..................................................................................................................... 6

28 U.S.C. § 1404(a) .................................................................................................. 1, 11, 12, 13

## Other Authorities

New York General Business Law §§349, 350, and 360-l .......................................................... 6

## Rules

Fed. R. Civ. P. 13(a) ................................................................................................................... 2

## I. INTRODUCTION

Defendant International IP Holdings LLC ("IIPH") respectfully submits this Memorandum in Support of its Motion to Dismiss this case under the "first-to-file" rule, or in the alternative, to transfer this case to the United States District Court for the Eastern District of Michigan to be consolidated with the related, first-filed action. The same dispute that is at issue in this trademark infringement action, involving the same parties, is already pending before the United States District Court for the Eastern District of Michigan. (Case No. 5:13-cv-11188-JCO-MJH, "the Michigan Action.") A copy of the Complaint in the Michigan Action is annexed as Exhibit A to the Declaration of Martin D. Edel ("Edel Decl."), dated March 21, 2013. The Michigan Action was filed by IIPH on March 18, 2013, before the plaintiff here, Conopco, Inc. d/b/a Unilever ("Conopco"), filed this action. *Compare* Edel Decl. Ex. A *with* Edel Decl. Ex. B.

Here, not only does the "first-to-file" rule mandate dismissal and/or transfer, but 28 U.S.C. § 1404(a) requires transfer as this forum has <u>no real connection</u> to the dispute between the parties. IIPH is based in Michigan, Conopco has offices in New Jersey – not New York. There is no basis for this lawsuit to continue in this forum.

Accordingly, IIPH requests that this case be dismissed under the "first-to-file" rule or transferred pursuant to 28 U.S.C. § 1404(a) to the Eastern District of Michigan – the location of the first filed lawsuit. At minimum, this Court should stay this case in favor of the first filed lawsuit in the Eastern District of Michigan.

## II. FACTUAL BACKGROUND

### A. The Michigan Action And This Action Involve The Same Parties And Raise Identical Issues

Both the Michigan Action first-filed by IIPH and this later-filed action filed by Conopco in this Court raise the identical issues of whether IIPH's use of its SLIMFUL trademark infringes any rights of Conopco related to its SLIM•FAST! products. Edel Decl., Exs. A, B. All claims are related and involve the exact same transaction or occurrence.

Fed. R. Civ. P. 13(a) requires a pleading to state as a counterclaim that arises out of the "transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." The judicial determination sought by IIPH in the Michigan Action is whether its use of its SLIMFUL trademark infringes any rights of Conopco related to its SLIM•FAST! products, including Conopco's trademarks or trade dress. Edel Decl., Ex. A. Conopco's second-filed complaint in New York (Ex. B.) asserts claims of federal trademark infringement, federal unfair competition, federal false advertising, federal trademark and trade dress dilution, common law claims, trademark dilution, and violations of related New York statutes. The subject matter of all claims in both the defendant's and plaintiff's complaints is the use of the SLIMFUL mark by IIPH relative to Conopco's rights related to its SLIM•FAST! products. Thus, Conopco's claims are compulsory counterclaims under Rule 13(a). And, while the filing of compulsory counterclaims in a separate action is not a violation of Rule 13(a), Conopco's actions do violate the purpose of the Federal Rules in that it creates a multiplicity of actions, wastes judicial resources, and unduly burdens the litigation process. *See Adama v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

## B. The Factual History Between The Parties

As set forth in more detail in IIPH's Complaint (Ex. A) filed in the earlier Michigan Action, IIPH is an Michigan company having a business location at 26600 Haggerty Road, Farmington Hills, Michigan 48331. IIPH's operations are based in Farmington Hills, Michigan. Declaration of Scott Henderson ("Henderson Decl."), dated March 21, 2013, ¶ 3. IIPH's advertising design team (led by Carl Sperber), its advertising purchasing team, (led by Lynn Petersmarck), and its sales team (led by Rise Meguiar), are all in Michigan. *Id.* at ¶¶ 4-19. At least ten (10) individuals involved with the SLIMFUL branding, advertising and sales are located in the Eastern District of Michigan. *Id.* IIPH is unaware of anyone in the Southern District of New York similarly involved with the SLIMFUL mark. *Id.* at ¶¶ 21-22.

In July 2012, IIPH sought to obtain trademark registration for its mark SLIMFUL in the United States Patent and Trademark Office ("USPTO"). (Ex. A at ¶ 9.) Application Serial No. 85/676,655 requests registration for use in connection with "nutritional supplements" (International Class 5). Application Serial No. 85/978,795 requests registration for use in connection with "processed nut-based food bars; vegetable-based raw food bars; vegetable-based processed food bars; fruit-based raw food bars; fruit-based processed food bars" (International Class 29). Application Serial No. 85/978,796 requests registration for use in connection with "ready to eat, cereal derived food bars" (International Class 30). (*Id.*) At no time, was IIPH's trademark applications rejected based on Conopco's SLIM•FAST! trademarks.

On February 15, 2013, IIPH received a letter from Conopco's intellectual property counsel. (Edel Decl., Ex. B, Ex. 5 attached thereto, at 1.) In this letter, Conopco asserts trademark and trade dress rights in its SLIM•FAST! products and demanded a written capitulation to certain demands by **February 22, 2013**. It further asserted that without such capitulation that it would "take all appropriate legal action to protect its valuable intellectual

3

property rights." (*Id.* at 3, emphasis in original)  Conopco also explained that it also believed it is entitled to "recovery of Unilever's attorneys' fees and costs incurred in connection with litigating this matter." (*Id.*)

On February 27, 2013, IIPH received another letter "in addition to our cease and desist letter dated February 15, 2013." (Edel Decl., Ex. B, Ex. 6 attached thereto, at 1.)  This time Conopco advised: "[i]f we do not receive a satisfactory response by **March 1, 2013**, then we will consider further action as necessary." (*Id.* at 2, emphasis in original.)

On March 1, 2013, IIPH responded "den[ying] the allegations and representations contained in [Conopco's] letter" and advising Conopco that "the packaging/trade dress of its SLIMFUL branded goods has been changed." (Edel Decl., Ex. C at 1.)  IIPH also advised: "If, after review of the enclosed packaging, your client maintains the allegations in your letter, we would be amenable to meeting at your offices to discuss (and hopefully reach) and amicable resolution." (*Id.*)  Such a meeting was rejected by Conopco's counsel and thus never arranged, but the parties did conduct two substantive telephone conferences.

On March 18, 2013, IIPH provided Conopco a final settlement position.  Conopco's counsel stated that position would not be accepted.  Thereafter, IIPH filed the first filed lawsuit in the Eastern District of Michigan – the home forum of IIPH.  IIPH provided Conopco's counsel a courtesy copy of the Complaint attached hereto as Exhibit A.

On March 19, 2013, Conopco filed the present lawsuit knowing about the first filed lawsuit, but ignoring it completely in its filings with this Court.  Conopco also states in its Complaint that it has "offices at 700 Sylvan Avenue, Englewood Cliffs, New Jersey 07632." (Ex. A at ¶ 5.)  Conopco's admitted business location is not within the venue of the U.S. District court of New York, but rather is in the U.S. District Court of New Jersey.

4

**C.     The Current Dispute**

Conopco sells meal replacement shakes and other products using the hyphenated two-word mark **SLIM•FAST!**  A relevant product of Conopco appears below on the left.  IIPH sells food bars under the mark **SLIMFUL**.  A sample product appears below on the right.



As illustrated, the **SLIM•FAST!** packaging is predominantly red, whereas **SLIMFUL** is primarily yellow.  There are no similarities between the typeface or font used or the artwork used on the packaging.  As shown, **SLIMFUL** uses a depiction of a glass of water and either fruit, brownies or honey (brownies shown above).  Moreover, the **SLIM•FAST!** name is two words and includes a capital letter F and an exclamation point.  **SLIMFUL** is a single word mark with its emphasis being a highly scripted "S."  The only similarity between the marks is "Slim" that forms a part of the mark, as it does in numerous other products in the marketplace.

**D.     The Issues In The Michigan Action Are Identical To The Issues In This Action**

In this action, Conopco included federal and common law claims related to its trademark and trade dress.  (*See* Ex. B, Counts 1 -7.)  As discussed above, the same underlying issues to each of Conopco's claims - those related to trademark and trade dress rights - are at issue in the Michigan Action.  As an example, Count 1 of the present case is entitled: "Federal Trademark Infringement (15 U.S.C. § 1114(1))."  (Ex. B at 12.)  Similarly, Count One of the Michigan

5

Action is "Declaratory Judgment of Non-Infringement." (Ex. A at 5.) This count seeks a declaration that:

> IIH's use of SLIMFUL in connection with its products has not caused, and is not likely to cause, confusion, mistake or deception as to the source or sponsorship of IIH's SLIMFUL products, nor has IIH's use of SLIMFUL otherwise violated Conopco's alleged rights pursuant to Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), or any other applicable state laws.

(*Id.* at ¶ 18.)

In the letters provided by Conopco prior to suit, Conopco was clear that this is the type of claim that it was making against IIPH. Conopco stated:

> Your client's activities are without authorization from Unilever and constitute trademark and trade dress infringement and unfair competition in violation of federal, state and common law and are likely to mislead consumers into mistakenly believing that your client's products are sponsored by, licensed from, endorsed by or otherwise affiliated with Unilever and/or Unilever's SLIM-FAST® products.

(Ex. B, Ex. 5 at p. 2.)

Conopco never specifically mentioned any New York Statute. In the present complaint, Counts Eight to Ten of Conopco's complaint allege claims under New York General Business Law §§349, 350, and 360-l. (Ex. B at ¶¶ 84-97.) These New York laws "largely track[] federal law" and the "standard for trademark infringement under the Lanham Act is similar to the standard for [these] analogous state law claims." *Merck & Co. v. Mediplan Health Consulting Inc*, 425 F. Supp. 2d 402, 410 n.6 (S.D.N.Y. 2006); *See also Federal Express Corp. v. Fed. Expresso Inc.,* 201 F.3d 168, 174-75 (2nd Cir. 2000) (Applying same analysis to N.Y. Business Law 360-1 and Section 43(c) of Lanham Act.) Presumably, these counts were added to the

complaint to bolster Conopco's forum shopping. But, these counts are immaterial to the present motion.[1]

With regard to a deceptive trade practice claim under § 349, "the gravamen of the complaint must be consumer injury or harm to the public interest.'" *Gucci America, Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269, 273 (S.D.N.Y. 2003) (*quoting Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir.1995)). Indicative of Conopco's unfounded attempt to bring such claims, Conopco's complaint fails to properly allege the consumer injury or harm to the public interest in order to satisfy a claim under §§ 349 and 350. Instead, Conopco simply alleges that the "public is likely to be damaged as a result" of Defendants violations. (Ex. B at ¶¶ 92 and 96.) In support of the damage to the public, Conopco incorporates its allegations and statements relating to its federal trademark infringement allegations. (Ex. B at ¶¶ 90 and 94.) As stated above, such claims under these N.Y. laws arising out of trademark infringement actions do not satisfy the pleading requirement of §§ 349 and 350 and should be dismissed.

Significantly, as set forth above, the issues in this action have the same basis and are identical to the issues raised in the Michigan Action. Indeed, as explained in *J. Lyons*, Conopco's claims of compulsory counterclaims and Conopco "may file its claims as compulsory

---

[1] Michigan courts are competent in analyzing these New York state claims in conjunction with Conopco's allegations under the Lanham Act. *See In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 666-67 (E.D. Mich. 2011) (Analyzing violation under New York General Business Law §349.) *See also Enjoy the City N., Inc. v. Stranger*, 3:08-CV-718, 2008 WL 4107195 (N.D.N.Y. Aug. 28, 2008) (Holding that other district courts are "as competent as this Court to apply the federal trademark laws, to make a proper determination as which state's law applies to the non-federal claims, and to apply that law to Plaintiffs' non-federal claims.") Indeed, in *J. Lyons & Company v. Republic of Tea, Inc., Conopco, Inc. and Interport National Corp.*, 892 F. Supp 486 (S.D. N.Y. 1995), this Court dismissed similar counts in a similar context. In *J. Lyons*, the trademark plaintiff in a second filed lawsuit asserted additional related claims, including claims under New York General Business Law. *Id.* at 487. The court granted a motion to dismiss the case in the Southern District of New York in favor of a first filed declaratory judgment action. *Id.* at 493.

counterclaims in the respective districts of the first-filed actions." *J. Lyons*, 892 F. Supp. at 493. Accordingly, as established below, this Court should dismiss or transfer this action. Alternatively, the Court should stay this action pending a determination by the Eastern District of Michigan with respect to this case.

### III. ARGUMENT

#### A. This Court Should Dismiss This Action Under The First-To-File Rule

##### 1. The First-To-File Rule Requires That The Southern District Of New York Dismiss This Action In Favor Of The First-Filed Michigan Action

The first-to-file rule dictates that the Michigan Action, not this action, should proceed. The Second Circuit follows the general rule that "where there are two competing lawsuits, the first suit should have priority." *Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.,* 522 F.3d 271, 274-75 (2d Cir. 2008) (citation omitted); *see also 800-Flowers, Inc. v. Intercontinental Florist, Inc.,* 860 F. Supp. 128, 131 (S.D.N.Y. 1994) ("Where two courts have concurrent jurisdiction over an action involving the same parties and issues, courts will follow a 'first filed' rule whereby the court which first has possession of the action decides it."). Indeed, "there is generally a strong presumption in favor of the first-filed suit. *See New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir.1991). It is well-settled that there are only two recognized exceptions to the first-to-file rule in the Second Circuit: (1) where the "balance of convenience" favors the second-filed action and (2) when there are "special circumstances" that justify giving priority to the second-filed suit. *Emp'rs Ins. of Wausau,* 522 F.3d at 275. Neither of those exceptions apply here.

In this action, there are no facts that warrant any deviation from the first-to-file rule. The balance of convenience clearly favors proceeding in the Michigan Action, and no special

circumstances exist which justify giving priority to this second-filed suit. The first-filed Michigan Action should be given priority, it is the home forum of IIPH where all of its witnesses and evidence reside. (Henderson Decl., ¶¶ 4-21). By its Complaint, Conopco admits that its offices are at 700 Sylvan Avenue, Englewood Cliffs, New *Jersey* 07632 – not in New York. (Ex. B.) As neither party is based in New York, favoring the first filed case is essentially mandated. Accordingly, IIPH requests that this Court dismiss this second-filed action in favor of the Michigan Action. Alternatively, IIPH requests that the Court transfer this second-filed action to the Eastern District of Michigan to be consolidated with the first filed case.

### a. There Are No Special Circumstances That Justify Deviating From The First-To-File Rule

There are only a limited number of "special circumstances" that warrant deviation from the first-to-file rule, *i.e.,* (1) where the first-filed action was an improper anticipatory action or (2) where the first-filed action was motivated solely by forum shopping. *800-Flowers, Inc.,* 860 F. Supp. at 132; *see also Emp'rs Ins. of Wausau,* 522 F.3d at 275. The party seeking to deviate from the first-to-file rule has the burden of demonstrating any such special circumstances. *800-Flowers, Inc.,* 860 F. Supp. at 132. Moreover, the Second Circuit has held that for any "special circumstances" to justify deviation from the first-to-file rule, the first-filing plaintiff must engage in some manipulative or deceptive behavior, or the ties between the litigation and the first forum must be so tenuous or *de minimis* that a full "balance of convenience" analysis would not be necessary to determine that the second forum is more appropriate than the first. *Emp'rs Ins. of Wausau,* 522 F.3d at 276. There are no facts or any manipulative or deceptive behavior on the part of IIPH by which Conopco could possibly demonstrate that either of these "special circumstances" applies.

First, the Michigan Action was not an improper anticipatory filing. The exercise of a party's right to seek declaratory relief is not considered an anticipatory filing for purposes of deviating from the first-to-file rule. *800-Flowers, Inc.,* 860 F. Supp at 132 (noting that "[w]ere this not the case, each time a party sought declaratory judgment in one forum, a defendant filing a second suit in a forum more favorable to defendant could always prevail under the anticipatory filing exception"). Even when litigation is "clearly on the horizon," the Second Circuit requires a notice letter or other communication conveying a specific, direct threat of litigation to find a suit anticipatory. *Emp'rs Ins. of Wausau*, 522 F.3d at 277 (finding that the district court erred in departing from the first-to-file rule even where a notice letter was sent and litigation was "clearly on the horizon"); *see also, J. Lyons & Co., Ltd.*, 892 F. Supp. 486, 491 (S.D.N.Y. 1995) (dismissing second filed case in favor of first filed declaratory judgment action where the trademark owner "Lyons mentioned the possibility of legal actions, [but] it did not specify any date or forum.").

Here, Conopco provided several deadlines to IIPH including February 22, 2013 and March 1, 2013. (Edel Decl., Ex. B, Exs. 5 and 6.) These deadlines passed and Conopco did not take any action. On March 18, 2013, IIPH provided Conopco a final settlement position which IIPH was told would not be accepted. At that time, IIPH filed its lawsuit in the Eastern District of Michigan – the home forum of IIPH. *J. Lyons*, 892 F.Supp. at 491 ("defendants had every right to seek a definitive resolution of the issues. The defendants appropriately filed their actions in the forum most convenient to them.").

Second, IIPH did not engage in improper forum shopping. "Forum shopping justifies an exception to the first-filed rule 'where a suit bears only a slight connection to the [forum]." *Reliance Ins. Co. v. Six Star, Inc.,* 155 F. Supp. 2d 49, 55 (S.D.N.Y. 2001) (quoting *Toy Biz, Inc.*

*v. Centuri Corp.,* 990 F. Supp. 328, 332 (S.D.N.Y. 1998)). Further, it is well-recognized in the Second Circuit that the ties between the litigation and the first forum must be tenuous or de minimis to justify deviation from the first-to-file rule under this exception. *Emp'rs Ins. of Wausau,* 522 F.3d at 276. Moreover, the filing of a suit in a location with a significant connection to the litigation undermines any notion that the forum was chosen for an improper purpose. *See Mastercard Int'l Inc. v. First Nat'l Bank of Omaha, Inc.,* No. 02 CIV 3691 (DLC), 2002 WL 31521091, at *1 (S.D.N.Y. Nov. 13, 2002). When a party institutes an action in a venue where its business, anticipated witnesses, and relevant documents are located, such choice of forum is not improper forum shopping. *Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C.,* 178 F. Supp. 2d 459, 470 (S.D.N.Y. 2002).

Undoubtedly, IIPH did not engage in improper forum shopping by seeking a declaratory judgment in the Eastern District of Michigan—where IIPH's headquarters is located and where its anticipated witnesses and relevant documents are located. Moreover, the injury that would be incurred by IIPH if Conopco obtains the relief it seeks, would be incurred primarily in Michigan. There is certainly more of a connection between the issues raised in these proceedings and the Eastern District of Michigan, than there is between those issues and New York.

The improper forum shopping exception clearly does not apply and this action should be dismissed in favor of the Michigan Action. In fact, Conopco's improper selection of forum mandates dismissal and/or transfer as it is the party that has improperly selected this forum.

### b. The Balance Of Convenience Clearly Favors The Michigan Action

The relevant factors for determining whether the "balance of convenience" favors deviation from the first-to-file rule are essentially the same factors as those considered under 28 U.S.C. § 1404(a) in determining a motion to transfer. *Emp'rs Ins. of Wausau,* 522 F.3d at 275.

The factors a court should consider under Section 1404(a) are: (1) the plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the location of relevant documents and ease of access to sources of proof; (4) the convenience of the parties; (5) the locus of operative facts; (6) the availability of process to compel the attendance of unwilling witnesses and (7) the relative means of the parties. *Id.* Additional factors considered by courts in the Second Circuit include the forum's familiarity with the governing law and the trial efficiency and interests of justice based on the totality of the circumstances. *800-Flowers,* 860 F. Supp. at 133. In this case, 28 U.S.C. § 1404(a) mandates transfer even *without* consideration of the "first-to-file" rule.

Each of the factors listed above favors adhering to the first-to-file rule and dismissing this action in favor of the Michigan Action. Given that IIPH is a Michigan company (Henderson Decl., ¶ 3) with its headquarters and its employees in Michigan (Henderson Decl., ¶¶ 4-21), it follows that: (1) it is most convenient for IIPH's witnesses to litigate in the Eastern District of Michigan. *Id.*; (2) IIPH's relevant documents and sources of proof are located in the Eastern District of Michigan (Henderson Decl., ¶¶ 20-21); and (3) it is substantially more efficient for IIPH to litigate in the Eastern District of Michigan. Conversely, the Plaintiff in the instant action is located in New Jersey. Its sources of proof and witnesses are likely in New Jersey – not the selected forum. IIPH is unaware of any party, witness or source of proof that is located in New York, and no such facts have been pled by Conopco in its complaint. *See* Edel Decl., Ex. B. In fact, the only apparent connection to the selected forum is the location of Plaintiff's counsel. *Invivo Research, Inc. v. Magnetic Resonance Equip. Corp.*, 119 F.Supp.2d 433, 438 (S.D.N.Y.2000) ("[T]he convenience of counsel is not an appropriate factor to consider on a motion to transfer."). Here, Conopco has not selected a forum where either party is based, transfer is required.

In *Varsity Spirit Fashions & Supplies, Inc. v. I.I.P., Inc.,* 2003 WL 22772638, *1 (S.D.N.Y. 2003), the plaintiff brought suit in New York even though the defendant was based in California, the plaintiff was based in Tennessee and none of the operative events had any connection to New York. Only one potential witness spent significant amount of time in New York, and did not even reside there. *Id.* The Court found that the only connection to New York was through Plaintiff's counsel, which, as stated above, is irrelevant to a transfer motion analysis. *Id.* at *2. Transfer pursuant to 28 U.S.C. § 1404(a) was granted.

Based on the totality of all of these factors and the circumstances detailed above, it is obvious that the balance of convenience exception to the first-to-file rule does not permit any deviation from the rule in this instance. Thus, this action should be dismissed in favor of the Michigan action (or alternatively transferred to the Eastern District of Michigan).

### 2. This Action Should Be Dismissed In Favor Of The Michigan Action

Because the balance of convenience factors favor the Michigan Action and because there are no special circumstances that justify deviating from the first-to-file rule, this action should be dismissed in favor of the Michigan Action.

### B. In The Alternative, This Court Should Stay This Case Pending The Eastern District Of Michigan's Determination As To Which Court Should Resolve This Dispute

Should this Court not dismiss this action under the first-to-file rule, or transfer this case for forum *non-coveniens*, the Court should, at a minimum, stay this case absent a determination by the Eastern District of Michigan that this Court is the proper venue for resolving this

trademark infringement dispute.[2] This procedure accords with the rule in the Southern District of New York and also in the Sixth Circuit that, when there are two or more disputes concerning overlapping subject matter, the court with the first-filed action decides which of the actions should proceed after applying the first-to-file rule. The court in which the first-filed case was brought should determine whether there are circumstances warranting a departure from the first-filed rule. *Schnabel v. Ramsey Quantitative Sys., Inc.,* 322 F. Supp. 2d 505, 510-11 (S.D.N.Y. 2004) ("This District has laid down a bright-line rule...: The court before which the first-filed action was brought determines which forum will hear the case.") (quoting *MSK Ins., Ltd. v. Emp'rs Reinsurance Corp.,* 212 F. Supp. 2d 266, 267 (S.D.N.Y. 2002)).

The Sixth Circuit follows the same procedure. *See Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.,* 16 F. App'x 433, 437 (6th Cir. 2001) ("The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank. The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'") (citation omitted); *see also Daimler-Chrysler Corp. v. Gen. Motors Corp.,* 133 F. Supp. 2d 1041, 1042 (N.D. Ohio 2001) ("the most appropriate approach is for the court where a complaint is first filed to determine which case should go forward"). Accordingly, it is for the Eastern District of Michigan court to decide, upon applying the first-filed rule, whether the action in that court or the retaliatory action filed subsequently, should proceed. As the first-filed jurisdiction, the Court in the Michigan Action also has the authority to order the party that initiated the second-filed lawsuit not to proceed with it.

---

[2] Of course, if this Court grants the present motion to dismiss or transfer, this request for a stay becomes moot.

As set forth above, the trademark infringement action filed by Conopco in this Court raises the same dispute concerning whether the trademark and trade dress used by IIPH infringes any rights of Conopco. Under the first-to-file rule and the procedures for applying it in this district, the Eastern District of Michigan, as the court presiding over the first-filed case, should thus determine which of the two competing actions should proceed. Unless this Court grants the present motion to dismiss or transfer, the Eastern District of Michigan rules in favor of the second-filed case, this Court should stay all proceedings in this case. *See, e.g., MSK Ins.,* 212 F. Supp. 2d at 268 ("This action is hereby stayed pending resolution by the Kansas court of the issue of whether this action or the [first-filed] Kansas action shall proceed."); *Citigroup Inc. v. City Holding Co.,* 97 F. Supp. 2d 549, 556 n.4 (S.D.N.Y. 2000) (noting that "courts in which the second-filed actions were brought have generally refrained from ruling pending a determination by the court of first-filing"); *Ontel Prods., Inc. v. Project Strategies Corp.,* 899 F. Supp. 1144, 1150 n.9 (S.D.N.Y. 1995) ("[T]he first-filed case was brought here in the Southern District of New York.... The District of New Jersey accordingly has delayed any judicial action on the second-filed case, which was filed there, pending my decision on these motions [, inter alia, to transfer].").

## IV. CONCLUSION

For the foregoing reasons, IIPH respectfully submits that this Court dismiss this action or transfer it to the Eastern District of Michigan. Alternatively, the Court should stay all further

15

proceedings in this action pending a ruling by the Eastern District of Michigan permitting the second-filed case to proceed in New York.

Dated: March 21, 2013

        Respectfully submitted,

        **MILLER & WRUBEL P.C.**

        /s/ _____
        Martin D. Edel
        Adam J. Safer
        570 Lexington Avenue
        New York, NY 10022
        Tel: (212) 336-3500
        Fax: (212) 336-3555
        Email: medel@mw-law.com

        *Attorneys for Defendant*